COMMONWEALTH *vs.* PAUL J. SHEEHAN. No. 98-P-965. January 12, 2000. *Rape. Evidence,* Medical record, Impeachment of credibility. *Witness,* Credibility. Further appellate review granted, 431 Mass. 1103 (2000).

After allowing access by defense counsel to relevant mental health records of the complainant pursuant to stages two and three of the procedure outlined in *Commonwealth* v. *Bishop,* 416 Mass. 169, 182 (1993), a Superior Court judge, after a hearing,[1] effectively ruled the records inadmissible in a pretrial order stating that "[a]fter [r]eview of [i]mpounded [r]ecords, the Court finds no exculpatory [e]vidence for [u]se at [t]rial."

The Commonwealth argues that the defendant was not harmed by this ruling because defense counsel at trial made a reasonable tactical choice not to attempt to introduce the records, all of which postdate the alleged rape, due to their damaging tendency to show that the complainant's relevant mental health problems originated with the alleged rape. However, we do not think defense counsel had or made any such choice. Our reading of the transcript indicates that all parties rightly considered themselves bound by the court's order of exclusion. The defendant was required to do nothing more to preserve the issue of the propriety of the order.

The judge's ruling was in error. The determination to be made at that point, called for in stage four of *Bishop, supra* at 182-183, was whether "disclosure of the relevant portions of the records to the trier of fact is required to provide the defendant a fair trial." The judge is instructed to "resolve any doubt he or she may have in the defendant's favor." *Id.* at 183. Here, because there was no corroborating physical evidence or eyewitness testimony, the Commonwealth's case turned on the credibility of the complainant. The defendant's sole theory of defense was that the low-functioning ten year old (at the time of the alleged rape) complainant had imagined the incident and had difficulty separating fantasy from reality. See *Commonwealth* v. *Fayerweather,* 406 Mass. 78, 82-83 (1989); *Commonwealth* v. *Fuller,* 423 Mass. 216, 226 (1996). Evidence that the complainant was prone to fantasizing was vital to that defense. The mental health records, which we have reviewed, indicate that the complainant had some tendency to engage in fantasy at inappropriate times, to become dissociated, and to speak in his head to his deceased grandmother. Although the reports suggest that the complainant's problems were caused by the alleged rape and did not predate it, the decision whether the records were more helpful or hurtful to the defense was for defense counsel, not the judge. Without the mental health records, the defendant's counsel could well reason that the defendant had no viable evidence to support his theory other than vague testimony that the complainant was an imaginative child and testimony that at age ten he believed in the Tooth Fairy and Santa Claus. The proffered evidence was not dramatically powerful but was sufficiently probative that its exclusion deprived the defendant of a fair trial. See *Commonwealth* v. *Bohannon,* 376 Mass. 90, 94 (1978) ("When evidence concerning a critical issue is excluded and when that evidence might have had a significant impact on the result of the trial, the right to present a full defense has been denied").

---

[1]The trial court docket indicates that a hearing was held, but the parties do not discuss what happened at the hearing or offer a transcript of those proceedings.

The judgment is reversed, the verdict set aside, and the case is remanded for a new trial. The mechanics of admitting the mental health records at the new trial shall be governed by the procedure outlined in stage five of *Bishop*, *supra* at 183.

*So ordered.*

*Colleen A. Tynan*, Committee for Public Counsel Services, for the defendant.
*Gail M. McKenna*, Assistant District Attorney, for the Commonwealth.